# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:04CR00070 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NORA LESTER**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Nora Lester, Pro Se Defendant.*

The defendant Nora Lester, who was sentenced by this court on December 12, 2005, has submitted a Motion to Reduce Term of Imprisonment. Upon review of the record, I must deny the motion.

Lester asserts that she is entitled to be resentenced, because she had undisclosed mental problems at the time she entered her guilty plea, she is not guilty of the offense to which she pleaded guilty,[1] she has served 40 months of her 130-month term of imprisonment as a model prisoner, and she is needed at home to care for her disabled husband. She asks that the court restructure her sentence to allow her to serve the remainder of her time under home confinement, pursuant to the Second

---

[1] A claim that the defendant's guilty plea was involuntary would be cognizable in a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006). However, I will not construe Lester's current motion under § 2255, because it appears to be untimely under § 2255(f)(1).

Chance Act and 18 U.S.C.A. § 3582(c) (West 2000 & Supp. 2008), or to reduce her sentence to "time served" and allow her to go home.

Section 3582(c) does not authorize the court to reduce a sentence on any ground alleged by the defendant.

Lester also mentions the Second Chance Act. *See* Pub.L. No. 110-199, 122 Stat. 657 (2008). I find no indication that the Second Chance Act authorizes the court to restructure a defendant's term of imprisonment to order home confinement or reduction of a term to time served. Moreover, Lester is not yet eligible for home confinement under 18 U.S.C.A. § 3624(c)(2) (West 2000), as she has more than ten percent of her 130-month term of imprisonment remaining. She is advised to pursue her home confinement request through administrative channels within the BOP.

For the stated reasons, it is hereby **ORDERED** that the defendant's Motion for Reduction of Sentence is DENIED.

The Clerk will send a copy of this Order to the defendant at her place of confinement and to the United States Attorney's Office.

ENTER: December 4, 2008

/s/ JAMES P. JONES
Chief United States District Judge

-2-

Case 1:04-cr-00070-JPJ   Document 261-2   Filed 12/04/08   Page 2 of 2   Pageid#: 476